Perry **PITCHFORD**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 36494.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 6, 1976.

Kevin M. O'Keefe, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James F. Booth, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

After initially pleading not guilty to murder second degree, movant-appellant later withdrew that plea and entered a plea of guilty. The court sentenced him to ten years' imprisonment. Movant-appellant then filed a Rule 27.26 motion and the trial court granted an evidentiary hearing. The trial court denied movant-appellant's motion and filed a memorandum opinion.

On appeal movant raises two points, but both concern his contention that his perception of his attorney's fatigue was responsible for his guilty plea. Movant contends the trial court misunderstood his point because it found movant's attorney was not fatigued at the time of the guilty plea. Thus, movant argues, the court missed his point that it was not the attorney's actual fatigue that caused him to plead guilty, but his perception of that fatigue which made him believe a trial was hopeless and thus coerced him into pleading guilty. The trial court found the attorney had not been fatigued at trial time and further found movant's guilty plea was voluntary.

The only testimony at the evidentiary hearing as to movant's perception of his attorney's fatigue was his own. The trial court did not have to believe that testimony and failure to believe it was not "clearly erroneous." Rule 27.26(f), V.A.M.R. Movant-appellant's testimony about his perception of his attorney's fatigue was strongly negated by his testimony at the original plea proceeding that he was satisfied his attorney had done everything possible for him and that he had actually committed the murder.

The denial of the Rule 27.26 motion is supported by the record.

Judgment affirmed.

DOWD and STEWART, JJ., concur.